UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JASMINE CROZIER                                                                                    PLAINTIFF

vs.                                                               CIVIL ACTION NO. 3:13-cv-640-DPJ-FKB

VENTURE, INC. d/b/a SAVE-A-LOT, et. al.                                             DEFENDANTS

ORDER

This employment-discrimination case is before the Court on Defendants' Motion to Dismiss [15], or in the alternative, Motion for Summary Judgment [17]. Plaintiff responded in opposition, requesting leave to conduct discovery under Federal Rule of Civil Procedure 56(d). The Court, having considered the parties' submissions and the pertinent authorities, grants Plaintiff's request for limited discovery [23] and denies Defendants' Motion to Dismiss [15], or in the alternative, Motion for Summary Judgment [17] without prejudice.

I.     Background

Plaintiff Jasmine Crozier worked for Venture, Inc., at the Save-A-Lot grocery store in Jackson, Mississippi, from October 2011 until July 2013. Pl.'s Mem. Opp. Summ. J. [21] at 2. Plaintiff alleges that her supervisor, Jeff Stewart, "routinely engaged in unwanted, degrading, sexual misconduct toward [Plaintiff], including offensive remarks, gestures, overt demands for sexual services, and other improper conduct as a condition of her continued employment at Save-A-Lot." *Id.*  As a result, Plaintiff claims that she was constructively terminated from her position because of severe sex-based discrimination. *Id.*

Plaintiff filed suit in the Circuit Court for the First Judicial District of Hinds County, Mississippi, on September 10, 2013. Her complaint alleges (1) unlawful discrimination in violation of Title VII; (2) unlawful retaliation in violation of Title VII; (3) negligent hiring and or

supervision of Jeff Stewart; (4) defamation; and (5) intentional infliction of emotional distress. Pl.'s Compl. [2] ¶¶ 9–41. Defendants subsequently removed the case pursuant to 28 U.S.C. § 1441, and there appears to be no dispute that subject-matter jurisdiction exists. 28 U.S.C. § 1331.

In their combined motions, Defendants argue that Plaintiff's claims are barred under the doctrines of res judicata and collateral estoppel. Defs.' Mem. Supp. Mot. Summ. J. [18] at 4. Defendants cite a Consent Degree between Save-A-Lot and the Equal Employment Opportunity Commission (EEOC) in which Save-A-Lot settled all claims for similarly situated persons who suffered sex-based discrimination—including Crozier.[1] *Id.* at 2. Prior to filing the instant action, Crozier attempted, unsuccessfully, to intervene in that suit. The agreement, according to Defendants, binds Crozier and precludes the instant action. *Id.* In response, Plaintiff requests that the Court allow discovery pertaining to that issue. Pl.'s Resp. [21] at 7.[2]

II.     Legal Standard

    A.     Rules 12(b)(6) and 12(d)

Defendants seek dismissal under Rule 12(b)(6), but both they and Crozier rely on matters beyond the pleadings. According to the Fifth Circuit, "Rule 12(d) gives a district court 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal*

---

[1] *See EEOC v. Venture, Inc. d/b/a Save-A-Lot*, 3:11-CV-596-WHB-RHW (S.D. Miss. Sept. 24, 2013).

[2] Crozier's request for discovery has now been docketed as a separate motion [23] as required by Uniform Local Rule 7(b)(3)(C).

*Practice and Procedure* § 1366 (1969)); *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414–15 (5th Cir. 1980)). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(b).  Here, Defendants moved to dismiss, or in the alternative for summary judgment.  The Court finds the motion should be treated as a motion for summary judgment.

    B.    Rule 56

Summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  Though a party may seek summary judgment at anytime, Rule 56(d)(1) permits the Court to defer considering a summary-judgment motion or deny it when a nonmovant "shows by affidavit or deceleration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion.

Alternatively, the Court may "allow time to obtain affidavits or decelerations or to take [additional] discovery" or enter appropriate orders.  Fed. R. Civ. P. 56(d)(2)(3).  The decision to grant or deny a Rule 56(d) motion is within the sound discretion of the Court.  *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).  But Rule 56(d) motions are "'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).[3]

---

[3]Rule 56(d) was formerly known as Rule 56(f).

III.     Analysis

While cursory analysis might indicate res judicata bars at least some of Crozier's claims, Rule 56(d) motions are to be "broadly favored" and "liberally granted." *Culwell*, 468 F.3d at 871.  At this stage, it is not yet apparent that all of Crozier's claims against all moving Defendants were adjudicated by the Consent Decree between Defendants and the EEOC.

Because discovery would appropriately clarify the earlier settlement agreement, and granting limited discovery would not unduly prejudice Defendants, the Court will grant Plaintiff's motion and deny Defendants' motions without prejudice.  Discovery is limited to the application of res judicata in this case.

IV.     Conclusion

The Court has considered all the arguments.  Those not specifically addressed would not change the result.  For the foregoing reasons, Defendants' Motion to Dismiss or in the alternative, Motion for Summary Judgment [15, 17] is denied without prejudice; Plaintiff's motion for limited discovery [23] is granted.

The parties shall have 30 days to conduct limited discovery.  Within 14 days of the limited discovery deadline, Defendants may refile their motion.  Responses and replies may then be filed in accordance with the local rules.

**SO ORDERED AND ADJUDGED** this the 8th day of April, 2014.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE